[No. 18866.ᵛ *En Banc.*   June 11, 1925.]

## JAMES CANNON, *Respondent,* v. A. C. LONG *et al.,* *Appellants.*[1]

PRINCIPAL AND AGENT (41, 42)—AUTHORITY OF AGENT—DECLARA-
TIONS OF AGENT—EVIDENCE—SUFFICIENCY. Under the rule that an
agent cannot enlarge his powers by unauthorized representations,
the evidence is insufficient to show that defendant L, to whom plain-
tiff sold and delivered apples, was the agent of the defendant cor-
poration and authorized to purchase apples for it, where both the
agent and manager testified that the agency was a special one,
limited to receiving apples on consignment, although plaintiff testi-
fied that the agent represented that he was buying them; where
there was no proof that the principal knew of the agent's assumed
authority, or clothed the agent with apparent authority warranting
the plaintiff in relying thereon.

TOLMAN, C. J., HOLCOMB and FULLERTON, JJ., dissent.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered February 20,
1924, upon the verdict of a jury rendered in favor of
the plaintiff, in an action on contract. Reversed.

*Burcham & Blair,* for appellants.

*John M. Gleeson, A. G. Gray,* and *Harold M. Gleeson,*
for respondent.

MITCHELL, J.—The complaint in this action alleges
that, in the month of October, 1922, the plaintiff sold
and delivered to defendants A. C. Long and White
Brothers & Crum Company, a corporation, five hun-
dred boxes of Wagner apples at ninety cents a box.
The defendants denied the allegations of the complaint.
At the conclusion of the testimony on behalf of the
plaintiff, the court ordered a dismissal as to A. C.
Long and denied a like motion as to the corporation.
Upon return of a verdict in plaintiff's favor, the cor-
poration interposed a motion for a judgment notwith-

[1]Reported in 236 Pac. 788.

standing the verdict. The motion was denied. The corporation has appealed from a judgment on the verdict.

There is no question that the apples were delivered to A. C. Long. The contention of the respondent is that they were sold and delivered to the appellant through its agent, Long. The contention of the appellant is that Long had no authority to buy the apples for it and that he received them as its agent to handle them on consignment. Appellant is an Idaho corporation, and during the year 1922 was represented by Long in the eastern part of Washington, in what they termed the Spokane district, wherein the transaction occurred. The manager of the corporation and the agent both testified that the agency was a special one, limited to the receiving of apples on consignment. And while it is true that the respondent testified that Long, in the absence of his principal, stated that he was buying apples—positively denied by Long—it is the rule that an agent cannot enlarge his powers by unauthorized representations nor depart from the usual manner of accomplishing what he is employed to do. 21 R. C. L., Principal and Agent, p. 856, § 34.

Counsel for respondent assert and rely on the rule as quoted in *Galbraith v. Weber*, 58 Wash. 132, 107 Pac. 1050, that:

" 'A principal is not only bound by the acts of his agent, whether general or special, within the authority which he has actually given him, but he is also bound by his agent's acts within the apparent authority which the principal himself knowingly permits his agent to assume, or which he holds the agent out to the public as possessing. 1 A. & E. Ency. Law (2nd ed.), page 989, and cases cited.' "

The rule is well known and is and should be applied for the protection of third persons who do not know

the extent of the agent's actual authority. Still further, counsel calls attention to 31 Cyc. pp. 1332 and 1333, as follows:

"The apparent authority so far as third persons are concerned is the real authority, and when a third person has ascertained the apparent authority with which the principal has clothed the agent, he is under no further obligation to inquire into the agent's actual authority."

These rules are mentioned with approval in *Galbraith v. Weber*, 58 Wash. 132, 107 Pac. 1050, 28 L. R. A. (N. S.) 341, and *Peterson v. Pacific American Fisheries*, 108 Wash. 63, 183 Pac. 79, 8 A. L. R. 198.

In this case, however, there is no proof that the principal knew that its agent had bought or pretended to buy apples from the respondent or anyone else. There is no proof of any kind of advertising or notice that apples would be bought. The only printed matter in proof is what is labeled "Selling Order," directed to White Brothers & Crum Company as selling agents and shippers to list and offer for sale on account of and at the risk of grower, "deducting from the gross sales your regular selling charges and loading expenses," containing blank lines and places for signature, address and date. There is no proof that the appellant had this, or any other, agent in this field any season other than that of 1922. The testimony on behalf of respondent and the appellant shows that, during that season and immediately before the delivery of the apples in question, the respondent delivered to Mr. Long as agent a carload of apples on consignment, or according to the terms of the selling order contract above referred to, on which appellant, through its agent, made some advancement of money by way of accommodation. There was proof of one transaction between Long and another person that season, of which respondent was told, but whether before or after the

transaction involved in this case the testimony does not show. But that person testified that in his deal he signed and delivered a selling order contract which, however, it seems was not carried out because, on gathering the apples, it was found they did not come up to grade; that thereafter Long handled the apples, but whether on a commission or not the witness was unable to say, at least he would not say.

In the same paragraph and immediately following the quotation by respondent's counsel from 31 Cyc. p. 1333, on the subject of "Apparent Scope of Authority," it is stated:

"The authority must, however, have been actually apparent to the third person who, in order to avail himself of rights thereunder, must have dealt with the agent in reliance thereon, in good faith, and in the exercise of reasonable prudence, . . . An agent cannot, however, enlarge the actual authority by his own acts without some measure of assent or acquiescence on the part of his principal, whose rights and liabilities as to third persons are not affected by any apparent authority which his agent has conferred upon himself simply by his own representations, express or implied."

We do not find in this case any facts or circumstances tending to show any actual or apparent authority to Long as agent to buy apples or to warrant the respondent in believing he had such authority, sufficient to take the case to the jury. The motion for a judgment notwithstanding the verdict should have been granted.

Reversed, with directions to enter judgment accordingly.

MAIN, PARKER, MACKINTOSH, BRIDGES, and ASKREN, JJ., concur.

HOLCOMB, J. (dissenting)—We are obliged to dissent. In my opinion, there was ample evidence shown by the record, and strong inferences arising from evi-

dence, to require the case to be submitted to the jury, and it was properly submitted upon the question of the apparent authority of the agent. The selling order mentioned in the majority opinion was not signed by respondent. Why it is mentioned and what effect it is thought to have in this case is not clear.

The judgment should be affirmed.

Tolman, C. J., and Fullerton, J., concur with Holcomb, J.