[No. 32407. Department One. August 11, 1953.]

EDWARD S. HUDSON, *Appellant,* v. ALASKA AIRLINES, INC., *Respondent.*[1]

*Riddell, Riddell & Williams,* for appellant.

*Allen, Hilen, Froude, DeGarmo & Leedy,* for respondent.

MALLERY, J.—This is an action to recover the balance of wages alleged to be due under a contract of employment, in which is joined a second cause of action in *quantum meruit.*

From a judgment for defendant, plaintiff appeals.

In December, 1947, the appellant was twenty-eight years of age. He had been employed for ten or eleven years by

[1] Reported in 260 P. (2d) 321.

the Boeing Airplane Company. His salary was seventy-five hundred dollars a year. At that time, a Mr. Wooten was president of Alaska Airlines, Inc., respondent herein, and has since severed his connection with respondent, and has litigation pending with it. He offered appellant a position as vice-president at a salary of thirteen thousand five hundred dollars a year. Appellant was to be paid ten thousand dollars a year from the corporation's west coast office, and the remaining thirty-five hundred dollars was to be kept secret from the other west coast executives, and was to be paid at the end of each year's employment out of a special account in the New York office. Appellant was elected by the board of directors as vice-president of the corporation, and served in that capacity from February 15, 1948, to December 15, 1950.

Appellant received a salary of ten thousand dollars a year from the west coast payroll, but not the thirty-five hundred dollars a year from a special account for which this action was brought.

The by-laws of the respondent-corporation provide that the board of directors shall fix the salaries of its officers. The minutes of the board show that appellant was elected vice-president, but do not show what his salary was to be. Respondent concedes that Wooten promised to pay appellant thirteen thousand five hundred dollars a year, but insists that the board of directors authorized a salary of only ten thousand dollars, which was paid.

Appellant's assignment of error No. 1 is directed to the trial court's finding of fact No. 3, which found that the thirty-five-hundred-dollar balance of appellant's salary was to be paid at the end of each calendar year from a special account to be created. Appellant himself testified to this effect, and, accordingly, we will not disturb the trial court's finding.

Appellant's second assignment of error is directed to the trial court's finding of fact No. 4. He contends that the trial court should not have found that the power of the board of directors to fix the salaries of officers was exclusive, and that

it never delegated to any officer the power to fix the salaries of the officers of the corporation. He also contends that the trial court should not have found that

". . . R. W. Marshall *may not have been advised* of any definite promise made to plaintiff to pay the latter $13,500.00 per year; . . . that at no time was said Board of Directors, or the executive committee thereof, or any of the Directors individually save as hereinabove set forth, advised of the aforesaid salary arrangement." (Italics ours.)

We think the record is clear that the corporation by-laws granted the directors exclusive power to fix officers' salaries, and that neither the board of directors nor the executive committee, composed of the board of directors, ever delegated this power to anyone. The record supports the finding that the board of directors was not advised of Wooten's promise to the appellant.

We will dispose of the case upon the basis that Marshall, who was chairman of the board of directors, was advised of Wooten's promise.

Appellant's third assignment of error is directed to the trial court's finding of fact No. 5. The appellant contends that the trial court should not have found that the respondent's board of directors duly elected appellant the vice-president at a salary of ten thousand dollars a year, and that appellant's conversations with Marshall concerning the thirty-five-hundred-dollar unpaid balance occurred before the selection of Wooten's successor. We understand the phrase "his successor" refers to Mr. Wooten's successor as general manager and not as president of the corporation. The record supports these findings of fact when thus properly interpreted.

Appellant's assignment of error No. 4 is directed to the trial court's finding of fact No. 6, which states:

". . . that such employment was at all times *subject* to ratification and approval by said board of directors or the executive committee thereof." (Italics ours.)

This assignment together with Nos. 5 and 6 will be discussed together.

Appellant contends that, even if respondent is not bound by the contract as alleged, he is entitled to the reasonable value of his services in *quantum meruit* in the sum of thirteen thousand five hundred dollars a year. There is no adequate showing in the record that the services in question were worth more than was paid for them. Appellant contends that Wooten's oral promise is an admission binding upon the respondent as to the value of the service. He relies upon *Offeman v. Robertson-Cole Studios,* 80 Cal. App. 1, 251 Pac. 830, which held that a contract with a *manager* (not an officer of the corporation) which was void under the statute of frauds was an admission against interest. The case is not in point.

██ Appellant was an *officer* of the corporation and, as such, was a *fiduciary,* not a mere employee. He therefore cannot rely upon an *ultra vires* act of another officer.

RCW 23.36.080 [*cf.* Rem. Rev. Stat. (Sup.), § 3803-33] provides as follows:

"Officers and directors stand in a fiduciary relation to the corporation, and must discharge the duties of their respective positions in good faith, and with that diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in like positions."

In *Larson v. A. W. Larson Constr. Co.,* 36 Wn. (2d) 271, 217 P. (2d) 789, we said:

"It is the settled law of this state that officers and trustees of a corporation act in a fiduciary capacity and, as such, are bound to exercise the utmost good faith in conserving the property and furthering the interests of the corporation."

██ Appellant contends that Wooten's lack of authority is a defense not favored in the law, and that respondent has failed to carry the burden of showing a lack of authority in Wooten to bind the corporation. The by-laws of the corporation conclusively show Wooten's lack of authority. As an officer of the corporation, appellant was charged with notice of the by-laws which vested exclusive authority in the board of directors to fix his salary as vice-president.

"Members, officers, and directors are generally conclu-

sively presumed to know the corporate by-laws." 18 C. J. S. 590, § 180.

See, also, 8 Fletcher Cyclopedia Corporations (Perm. ed.) 751, § 4197.

■ The doctrine of apparent authority is only available to third parties who are not charged as fiduciaries with knowledge of the exact extent of the agent's authority. *Cannon v. Long,* 135 Wash. 52, 236 Pac. 788. Apparent authority is, therefore, not involved in dealings between corporation fiduciaries.

■ Appellant contends that the knowledge of the chairman of the board of directors of Wooten's promise is imputed to the board of directors, so that their subsequent acceptance of appellant's services was a ratification by estoppel of the promise. The directors did not know of Wooten's promise to pay appellant extra money.

"Ratification by the directors of an unauthorized contract by an officer, in the proper sense of the term 'ratification,' cannot be implied from their failure to disaffirm the same, unless they had actual knowledge of the contract." 2 Fletcher Cyclopedia Corporations (Perm. ed.) 785, §757.

"Where an unauthorized contract can only be ratified by the board of directors or trustees, knowledge thereof on the part of a minority of the board individually is not enough." *Id.* 790, § 759.

The judgment is affirmed.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.

---

October 26, 1953. Petition for rehearing denied.