[No. 33734. Department One. February 7, 1957.]

ROBERT L. CHARETTE, *as Guardian, Respondent,* v. AMERICAN SURETY COMPANY OF NEW YORK *et al., Appellants.*[1]

*Lester T. Parker,* for appellant.

*Robert L. Charette, pro se.*

FINLEY, J.—On July 28, 1923, Emil Anderson was appointed guardian of the person and estate of Augusta Peterson, an incompetent person. On that date, a bond was filed in the guardianship proceedings in the sum of four thousand dollars. The bond was signed by Emil Anderson, as guardian, by B. G. Cheney, as agent for the defendant surety

[1]Reported in 307 P. (2d) 252.

company, and was countersigned by the defendant W. H. France. On March 21, 1952, Emil Anderson was removed as guardian for failure to account to the court for the funds and property of the ward. It is undisputed that the defalcation was in an amount in excess of four thousand dollars.

Thereafter, Robert L. Charette, the plaintiff in this action, was appointed guardian of the incompetent ward and commenced this action against the defendant surety company to recover on the bond of Emil Anderson, the former guardian. W. H. France, who countersigned the bond, was also made a party to the action. However, B. G. Cheney, the purported agent of the defendant surety company, died long prior to the commencement of this action. No premiums had ever been paid on the bond, and apparently the defendant surety company had no notification that the bond was written until the commencement of this action.

The trial court, sitting without a jury, held that the plaintiff was entitled to judgment against the defendant surety company in the sum of $3,685.26 (being the amount of the bond less the amount of the premiums that would have accrued on the bond had they been paid). No judgment was entered against the additional defendant, W. H. France, Sr. The American Surety Company of New York has appealed.

The sole question raised by this appeal is whether the appellant's agent, B. G. Cheney, had authority to write the guardianship bond in question. No contention is made by respondent that Cheney had express authority to write the guardianship bond. Therefore, if the trial court is to be affirmed, it must be on the theory that Cheney had apparent or ostensible authority to write the bond and that the appellant is estopped to deny such authority.

It is undisputed that on or about December 14, 1914, Cheney was appointed agent of appellant corporation at Montesano, Washington, for the purpose of writing certain types of bonds. The authority is expressed in a power of attorney which was recorded in the office of the county auditor of Grays Harbor county on December 22, 1914. Nothing

was stated therein, however, which gave Cheney authority to write *guardianship* bonds.

Approximately four years before the guardianship bond in question was filed, Cheney had sold a bond to John M. Winslow, guardian of the estate of Louis Larson, an incompetent, which was approved by the superior court judge and was filed with the county clerk. Subsequently, the appellant received notice that Cheney had issued a guardianship bond in the Larson estate. Thereupon, appellant issued the following *Notice of Confirmation*, which was filed in the office of the county clerk of Grays Harbor county:

"Said Agent and Attorney were not authorized to execute such obligation and the execution thereof by them was probably through inadvertence. This Company, however, hereby confirms and ratifies the Act of its said Agent and Attorney in executing said obligation and assumes the liability purporting to be assumed by it therein. Nothing herein contained extends the authority heretofore conferred upon said Agent and Attorney or either of them, or shall in any way be deemed to constitute a precedent obligating this Company to approve any other act which said Agent and Attorney or either of them may heretofore have assumed to do, or which they or either of them may hereafter assume to do, without authority, whether such act be the result of inadvertence or otherwise."

The evidence in this case consists mainly of exhibits, including the guardianship bond in question, the guardianship bond in the Larson estate, certain other bonds written by Cheney for administrators and executors, and the aforementioned power of attorney and notice of confirmation. There were also admitted in evidence, over appellant's objection, three local directories wherein advertisements relative to the writing of bonds appear, showing B. G. Cheney to be an agent for the appellant.

There is no evidence as to who caused these advertisements to be inserted in the directories, that appellant had any knowledge of such advertisements, or that Emil Anderson (the removed guardian) or anyone else relied on the advertisements as giving B. G. Cheney the authority to write the guardianship bond in question. There is no evidence

showing·that Anderson relied upon representations made by Cheney as to his authority to write guardianship bonds or that Anderson relied on the fact that Cheney had previously written the guardianship bond in the aforementioned Larson estate.

■ In any event, an agent cannot enlarge his actual authority by his own assertions or representations. In an action against the principal, such as the instant case, the only competent evidence of an agent's apparent authority is that which is founded on some act or representation of the alleged principal. Mechem Outlines of Agency (3d. ed.) 143, § 240; *Cannon v. Long*, 135 Wash. 52, 236 Pac. 788.

The general rule is stated in 2 Am. Jur. 85, § 103, as follows:

"The apparent authority for which the principal may be liable must be traceable to him, and cannot be established solely by the acts and conduct of the agent; the principal is only liable for that appearance of authority caused by himself. . . . Furthermore, a party dealing with an agent must prove that the facts giving color to the agency were known to him when he dealt with the agent, and that he believed the agent was acting within his authority; if he has no knowledge of such facts, he does not act in reliance upon them and is in no position to claim anything on account of them."

■ In view of the foregoing, we are of the opinion that the respondent has failed to establish any facts or circumstances tending to show that B. G. Cheney had any actual or apparent authority to execute the guardianship bond in question. Therefore, it did not become a binding obligation upon the appellant surety company, and the judgment should be reversed. It is so ordered.

SCHWELLENBACH, DONWORTH, ROSELLINI, and FOSTER, JJ., *concur*.